IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANNIE BORDEN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **CIVIL ACTION NO.:**<br>**ANTONELLI COLLEGE;** )<br>**TECHNOLOGY TRAINING** )<br>**SYSTEMS, INC.; et al.,** )<br>)<br>Defendants. )<br>) | |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446, Defendants Technology Training Systems, Inc. d/b/a Antonelli College ("Antonelli College"),[1] Mary Ann Davis, Terry G. Schieman, Kevin P. Keehan, Corey Bjarnson, and Marre Barnette (collectively, the "Defendants") hereby give notice of the removal of the above-styled civil action from the Court of Common Pleas of Hamilton County, Ohio, where it is now pending as Case Number A1602019, to the United States District Court for the Southern District of Ohio, Western Division. As grounds for removal, Defendants state the following:

---

[1] Although Antonelli College has been named as a Defendant in this civil action, it is not a separate legal entity. Defendant Technology Training Systems, Inc. owns and registered the trade name, "Antonelli College," for purposes of owning and operating the schools in Ohio. Declaration of Mary Ann Davis, ¶ 8, attached hereto as **"Exhibit A."**

03615534.2

## ALLEGATIONS OF THE AMENDED COMPLAINT

1. On April 5, 2016 Plaintiff Annie Borden filed a Class Action Complaint for Damages in the Court of Common Pleas of Hamilton County, Ohio, in the civil action styled as *Annie Borden v. Technology Training Systems, Inc. d/b/a Antonelli College, et al.*, No. A1602019.

2. On April 21, 2016, Plaintiff filed a First Amended Class Action Complaint for Damages ("Amended Complaint"). (*See generally* Amended Compl., attached hereto as **"Exhibit B"**).

3. The Amended Complaint contains claims seeking relief on behalf of a putative class for violation of the Ohio Deceptive Trade Practices Act, breach of contract, breach of the covenant of good faith and fair dealing, fraud, constructive fraud, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and punitive damages. (*Id.*)

4. The putative class includes: "All persons who entered the Nursing Program at Antonelli College from September 2013 to the present and suffered damages." (*Id.* ¶ 57).

## REMOVAL PROCEDURES

5. In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by Defendants are attached hereto as "**Exhibit C**."

6. Defendant Antonelli College was served with the Summons and Amended Complaint on April 25, 2016; Defendant Mary Ann Davis was served with the Summons and Amended Complaint on April 25, 2016; Defendant Terry G. Schieman was served with the Summons and Amended Complaint on April 25, 2016; Defendant Kevin P. Keehan was served with the Summons and Amended Complaint on April 25, 2016; Defendant Corey Bjarnson was served with the Summons and Amended Complaint on April 25, 2016; and Defendant Marre Barnette was served with the Summons and original Complaint on April 11, 2016. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

7. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This Court has original jurisdiction based upon 28 U.S.C. § 1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.

8. Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division

embracing Hamilton County, Ohio, where the state court action is pending. *See* 28 U.S.C. § 115(b)(1).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Court of Common Pleas of Hamilton County, Ohio.

## CAFA JURISDICTION

10. This Court has subject matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and one defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000.

<u>Plaintiff's Action is a Class Action for Purposes of CAFA</u>

11. The Amended Complaint states that "Plaintiff brings this action . . . on behalf of herself and all persons similarly situated who are victims of Defendants' misleading and deceptive practices relating to the Practical Nurse Program." (Amended Compl. ¶ 56). The Amended Complaint further alleges that "the members of this Class are definite and ascertainable, but so numerous that joinder of all members is impracticable," (*id.* ¶ 60); "[t]here are questions of law and fact presented in this case that are common to Plaintiff and members of this Class, which predominate over any questions which could affect individual Class

Members," (*id.* ¶ 61); "[t]he claims of the named Plaintiff, as a representative of the Class, are typical and identical to the claims of the Class as a whole," (*id.* ¶ 63); and "Plaintiff Borden will fairly and adequately represent the interest of the Class," (*id.* ¶ 65).

12. As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[2]

### The Number of Alleged Class Members Exceeds 100

13. The putative class that Plaintiff seeks to represent exceeds one hundred (100) members. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Since September 2013, there have been 138 individuals who have entered the Practical Nursing Program in Ohio at Antonelli College. *See* Ex. A, Davis Decl. ¶ 9.

15. Consequently, the requirements of 28 U.S.C. § 1332(d)(5)(B) are satisfied.

### Diversity of Citizenship Exists

16. CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(2)(A). As noted by this Court:

---

[2] Although this action was filed by Plaintiff as a putative class action and is therefore removable under the relevant statutes, Defendants do not admit that this action can properly proceed as a class action. Defendants expressly reserve the right to challenge whether the action brought by Plaintiff meets the requirements of Fed. R. Civ. P. 23.

> State citizenship, for purposes of diversity jurisdiction, is not a matter of residency but of domicile." *Gilbert v. David*, 235 U.S. 561, 35 S. Ct. 164, 59 L. Ed. 360 (1915); *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). Domicile is established by an intent to remain at a location permanently, or at least indefinitely. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). A natural person can have only one domicile for purposes of diversity jurisdiction. *Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994); *Williamson v. Osenton*, 232 U.S. 619, 625, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

*Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 931 (S.D. Ohio 2007).

17. Plaintiff avers that she is a resident of Hamilton County, Ohio. (Amended Compl. ¶ 2).

18. Defendant Antonelli College is an Ohio corporation with its principal place of business in Naperville, Illinois. Ex. A, Davis Decl. ¶ 2.

19. Defendant Mary Ann Davis is a citizen of the State of Florida. *See id.* ¶¶ 3-6.

20. Defendant Terry G. Schieman is a citizen of the State of Florida. *See* Declaration of Terry G. Schieman, attached hereto as **"Exhibit D."**

21. Defendant Kevin P. Keehan is a citizen of the State of Ohio. *See* Declaration of Kevin P. Keehan, attached hereto as **"Exhibit E."**

22. Defendant Corey Bjarnson is a citizen of the State of Kentucky. *See* Declaration of Corey Bjarnson, attached hereto as **"Exhibit F."**

23. Defendant Marre Barnette is a citizen of the State of Ohio. *See* Declaration of Marre Barnette, attached hereto as **"Exhibit G."**

24. Because the citizenship of Plaintiff (Ohio) and at least one defendant—Mary Ann Davis (Florida), Terry Schieman (Florida), or Corey Bjarnson (Kentucky)—are of different states, CAFA's requirement of minimal diversity is satisfied.

<u>The Amount in Controversy Requirement Is Satisfied</u>

25. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

26. As both the Supreme Court and the Court of Appeals for the Sixth Circuit have held, a removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. All that is required is a "short and plain statement of the grounds for removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004). This Court has also recently held that "the removal statute instructs that 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Heartland-Mt. Airy of Cincinnati Oh, LLC v. Johnson*, No. 1:15-CV-86, 2015 WL 667682, at *2 (S.D. Ohio Feb. 17, 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014)). Thus, "a removing 'defendant's amount-in-controversy allegation should be accepted when not

contested by the plaintiff or questioned by the court.'" *Id.* (quoting *Dart Cherokee*, 135 S. Ct. at 553).

27. Here, the Plaintiff seeks compensatory damages, including "monetary loss, loss of income, loss of employment opportunities, loss of educational opportunities, significant debt, emotional pain and interference with family relationships." (Amended Compl. ¶¶ 81, 85, 94, 104, 109, and 117). Although the amount of compensatory damages is not expressly stated in the Complaint, at a minimum, Plaintiff is claiming compensatory damages for the cost of tuition for the class members and loss of income as a Licensed Practical Nurse ("LPN") (*Id.* ¶ 54). She claims the average cost of tuition is $25,000 per year. (*Id.* ¶ 25). Since September 2013, the average tuition for the Practical Nursing Program has been $23,970. Ex. A, Davis Decl. ¶ 10. For the 138 putative class members, this totals $3,307,860 ($23,970 x 138). Additionally, the United States Bureau of Labor Statistics provides that the annual mean wage for LPNs in Ohio is $41,060.[3] For

---

[3] Licensed Practical and Licensed Vocational Nurses, U.S. Bureau of Labor Statistics, Occupational Employment Statistics, http://data.bls.gov/cgi-bin/print.pl/oes/current/oes292061.htm (last visited April 28, 2016). Defendants respectfully request this Court to take judicial notice of the U.S. Bureau of Labor Statistics' data. It is axiomatic that courts take judicial notice of government websites. *See Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) ("Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citations omitted).

the 138 putative class members, this totals $5,666,280 ($41,060.00 x 138) for one year of salary.[4] Thus, compensatory damages alone well exceed the $5,000,000 amount in controversy under CAFA.

28. Plaintiff also seeks punitive damages. (Amended Compl. ¶¶ 75, 122-124). The Sixth Circuit has long held that "[p]unitive damages *must* be considered in the amount in controversy calculation 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Grp., PLLC*, No. 1:15-CV-007, 2015 WL 728311, at *2 (S.D. Ohio Feb. 19, 2015) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)) (emphasis added). Here, Plaintiff may potentially recover punitive damages if she successfully proves her claim for fraud and that Defendants violated the Ohio Deceptive Trade Practices Act. *See* Ohio Rev. Code Ann. § 2315.21 (West 2016). In Ohio, punitive damages may not exceed two times the amount of the compensatory damages award. *Id.* at § 2315.21(D)(2)(a). Conceivably, Plaintiff could recover an additional $17,900,000 in punitive damages.

29. In addition to compensatory and punitive damages, Plaintiff also seeks injunctive relief. (Amended Compl. ¶ 76). Both the United States Supreme Court and the Sixth Circuit have held that "[t]he costs of complying with an injunction,

---

[4] Significantly, in addition to disputing that this case can properly proceed as a class action, Defendants dispute that Plaintiff or any putative class members are entitled to any damages, including lost wages. Any amount identified herein is done solely for the purpose of determining the amount in controversy in this dispute.

whether sought by one plaintiff or many plaintiffs, may establish the amount in controversy." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 828 (6th Cir. 2006) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 181, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). Here, Plaintiff specifically seeks "injunctive relief enjoining Defendants from engaging unfair, deceptive and misleading acts and practices related to the [Practical Nursing Program] and Consent Decree . . . ." (Amended Compl., p. 26 ¶ E). While Defendants expressly dispute that they are engaging in any unfair, deceptive, or misleading acts or practices, it is likely that complying with any injunction will create some cost for Defendants.

30. Finally, Plaintiff seeks attorneys' fees. (Amended Compl. ¶¶ 74-75, p. 26 ¶ D). "[A]ttorney fees can factor into the amount in controversy calculation when they are authorized by a relevant statute." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Here, Plaintiff brings a claim under the Ohio Deceptive Trade Practices Act, which expressly allows for recovery of attorney fees. Ohio Rev. Code Ann. § 4165.03(B) (West 2016).

31. In total, the damages and relief that Plaintiff seeks easily exceeds the $5,000,000 CAFA threshold.

32. If any question arises as to the propriety of the removal of this action, Defendants respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: May 3, 2016

Respectfully submitted,

*/s/ Ryan S. Lett*
Adam P. Hall (Ohio Bar No. 0042128)
Ryan S. Lett (Ohio Bar No. 0088381)
**FROST BROWN TODD, LLC**
301 East Fourth Street
Great American Tower Suite 3300
Cincinnati, Ohio 45202
Phone: (513) 651-6118
Fax: (513) 651-6981
ahall@fbtlaw.com
rlett@fbtlaw.com

Ollie A. ("Tres") Cleveland, III (*pro hac vice forthcoming*)
Kathryn Bushby  (*pro hac vice forthcoming*)
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000
Fax: (205) 254-1999 (fax)
tcleveland@maynardcooper.com
kbushby@maynardcooper.com

*Attorneys for Defendants*

03615534.2                                    12

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2016, a copy of the above and foregoing was filed with the United States District Court for the Southern District of Ohio using the CM/ECF, and served via ordinary U.S. mail upon the following:

Phyllis E. Brown
Adam S. Brown
CUMMINS & BROWN LLC
312 Walnut Street, Suite 1000
Cincinnati, Ohio 45202
Phone: (513) 241-6400
pbrown@cumminsbrownlaw.com
abrown@cumminsbrownlaw.com


*/s/ Ryan S. Lett*
Ryan S. Lett (Ohio Bar No. 0088381)

0133801.0636682   4852-3093-2017v1