UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANNIE BORDEN, *et al.*, | : | Case No. 1:16-cv-519 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| ANTONELLI COLLEGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 33)**

This civil action is before the Court on Defendants' motion for judgment on the pleadings (Doc. 33) and the parties' responsive memoranda (Docs. 36, 37). Specifically, Defendants move for judgment on the pleadings as to the claims of Plaintiff Kachena Richardson which are based on her Enrollment Agreement with Antonelli College.

### I. FACTUAL BACKGROUND <u>AS ALLEGED</u> BY RICHARDSON

Plaintiff Richardson contacted Antonelli College in response to advertisements of its new Practical Nursing Program. (Doc. 30 at ¶ 58). From the outset, Plaintiff Richardson made clear to Antonelli recruiters and administrators that her goal was to achieve a degree as a registered nurse, and a practical nursing diploma was only the first step. Recruiters and administrators from Antonelli assured Plaintiff Richardson that the Nursing Program was fully accredited and that its credits were fully transferable to schools offering a RN degree through reciprocity agreements. (*Id.* at ¶¶ 59, 60). Both of these assurances were untrue, but recruiters and administrators told Plaintiff Richardson

that Antonelli graduates could enter a bridge program at either Northern Kentucky University or Cincinnati State Technical and Community College to take required RN courses. (*Id.* at ¶ 60). Plaintiff Richardson was assured by the Antonelli representatives that she could complete her RN degree more quickly by receiving her nursing diploma at Antonelli. This information was also untrue.

Plaintiff Richardson enrolled at Antonelli, where she excelled. Plaintiff Richardson graduated with a 4.0 grade point average. On her first attempt, Plaintiff Richardson passed the NCLEX-PN examination for licensure as a practical nurse. Nonetheless, both NKU and Cincinnati State refused to accept any of her Antonelli credits. Plaintiff Richardson also applied for admission to RN programs at University of Cincinnati, Good Samaritan Hospital School of Nursing, Christ Hospital School of Nursing, Mt. St. Joseph University, and Claremont College. None of these institutions would accept any of her Antonelli credits. (Doc. 30 at ¶ 65).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

## III. ANALYSIS

A claim cannot be sustained when a plaintiff seeks to contradict the plain language of a written contract or disclosure. *Williams v. CitiMortgage, Inc.*, No. 2:08-cv-368, 2011 U.S. Dist. LEXIS 35800, at *12-13 (S.D. Ohio Mar. 31, 2011).

Here, Plaintiff Richardson bases her claims on the allegation that she was orally told "during the enrollment process" that her credits would transfer, when, in fact, the written contracts and disclosures she signed clearly state the opposite. (Doc. 30 at ¶ 60). At the culmination of that enrollment process, Plaintiff Richardson signed an Enrollment Agreement with Antonelli College. (Doc. 33, Ex. A). The two-page Enrollment Agreement provides, in bold that

> **Antonelli College does not guarantee transferability of its credits to other institutions of higher education. Transfer credit is always at the discretion of the receiving institution. If you plan to transfer credit from Antonelli College to another institution, please check with the other institution before enrolling to determine if it will accept credits and/or specific courses taken at Antonelli College.**

(*Id.* at 2). The Enrollment Agreement expressly contradicts Plaintiff Richardson's claim that Antonelli represented that its credits would transfer "anywhere" for purposes of entering an RN program.

In addition to the Enrollment Agreement, Plaintiff Richardson also executed a State of Ohio Student Disclosure Form issued by the State of Ohio Board of Career Colleges and Schools. (Doc. 33, Ex. B). In that Disclosure Form, Plaintiff Richardson initialed the following disclosure: "I understand that the transferability of credits to

3

another institution is determined exclusively by the receiving institution. No person can imply or guarantee that my credits will be transferable." (*Id.*) Accordingly, Plaintiff Richardson acknowledge that Antonelli could not in any way guarantee the transfer of any credits.

This case is analogous to *Irvin v. American General Financial, Inc.*, No. CR2004-0046, 2005 Ohio App. LEXIS 3271, at *10-11 (Ohio App. June 30, 2005), where the court dismissed plaintiffs' claims as follows:

> Appellants' fraud claims are based upon allegations that they were orally told that certain insurance coverages were required to be purchased in order to obtain the loans they sought, when, in fact, the insurance coverages were not required. A review of the complaint and documents supplied by appellee as attachments to their motion to dismiss and which were incorporated into the complaint, show that appellants signed disclosure forms which clearly stated that each of the insurance policies purchased by appellants in each of the various transactions were voluntary and not required to be purchased from appellees in order to obtain the loan(s). Thus, appellants seek to directly contradict the written terms of disclosures. Such a claim cannot be sustained, as a matter of law.

Like the plaintiffs in *Irvin*, Plaintiff Richardson signed multiple documents that state, in clear terms, that Antonelli did not—and, in fact, could not—guarantee the transferability of its credits. (Doc. 33, Exs. A-B). Therefore, Plaintiff Richardson cannot maintain claims arising from any alleged oral misrepresentations as a matter of law.[1]

---

[1] Plaintiff alleges that her claims for fraud, constructive fraud, intentional misrepresentation, negligent misrepresentation, and promissory estoppel all arise from the alleged misrepresentations relating to the transferability of Antonelli credits. (Doc. 36 at 7-10).

### A. Exhibits

In support of their motion for judgment on the pleadings, Defendants attach two exhibits: (1) Exhibit A—Antonelli College Ohio Enrollment Agreement, signed by Plaintiff Richardson; and (2) Exhibit B—State of Ohio Student Disclosure Form, signed by Plaintiff Richardson.  Plaintiff Richardson argues that because she did not attach these documents to the second amended complaint, Defendants cannot reference them in the motion for judgment on the pleadings.  Since the Court cannot reach a decision in Defendants' favor without considering the two attachments, Plaintiff Richardson maintains that Defendants raise factual issues with their exhibits that contradict the allegations in the second amended complaint and that the exhibits should not be considered unless the Court deems Defendants' motion a motion for summary judgment.

The law provides for several exceptions to the general rule that matters outside the pleadings are not to be considered on a Rule 12(b)(6) or Rule 12(c) motion.  For example, "[i]f referred to in the complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001).

Here, Plaintiff Richardson has asserted a breach of contract claim that arises out of her enrollment and participation in the Practical Nursing program at Antonelli's Cincinnati campus.  The only written contract executed between the parties is the Enrollment Agreement.  If a plaintiff makes a breach of contract claim, a court can consider the language of the contract in considering a motion to dismiss or motion for

judgment on the pleadings without converting such motion into a motion for summary judgment. *Nixon v. Wilmington Trust Co.*, 543 F.3d 354 (6th Cir. 2008) (affirming dismissal of all claims, including *inter alia* a breach of contract claim, made against a trustee, where sections of the Trust that plaintiff had not attached to her complaint demonstrated that she was not a beneficiary). Therefore, Plaintiff Richardson's enrollment documents are central to her claims and form part of the pleadings. This Court is not required to convert the motion for judgment on the pleadings into a motion for summary judgment in order to consider the enrollment documents.

### B. Parol Evidence

Under the parol evidence rule "[p]arol, or extrinsic, evidence is only admissible if the terms of the contract are ambiguous, and can only be used to interpret, not contradict, the express language of the contract." *Schempp v. GC Acquisition, LLC*, 161 F. Supp. 3d 584, 590 (N.D. Ohio 2014). Here, the express language of the contract is that "Antonelli College does not guarantee transferability of its credits to other institutions of higher education." (Doc. 33, Ex. A at 2). These terms are clear and unambiguous, thus making the parol evidence rule inapplicable.

There is a "fraud exception" to the parol evidence rule, whereby "the rule will not compel exclusion of evidence when there is 'fraud, mistake or other invalidating cause.'" *Academic Imaging, LLC v. Soterion Corp.*, 352 F. App'x 59, 65 (6th Cir. 2009). The fraud exception, however, "does not include 'a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are

6

directly contradicted by the signed writing.'" *Id.* Plaintiff Richardson argues that she was "induced to enroll in Antonelli's Nursing Program through fraud, deceit, and misrepresentations … namely, that her credits would be transferrable into a bridge RN program." (Doc. 36 at 8). This, however, is exactly what the fraud exception to the parol evidence does not encompass, because the alleged fraudulent inducement (that her credits would be transferable) directly contradicts the written contract (that transferability of credits cannot be guaranteed and is at the sole discretion of the receiving institution). Thus, the parol evidence rule is inapplicable and does not save Plaintiff Richardson's claims from failing under *Irvin*.

### IV. CONCLUSION

Accordingly, for these reasons, Defendants' motion for judgment on the pleadings (Doc. 33) is **GRANTED** and judgment is entered in Defendants' favor on all of Plaintiff Richardson's claims that arise from her allegations of misrepresentations with respect to the transferability of credits, including her claims for fraud (Count III), constructive fraud (Count IV), intentional misrepresentation (Count V), negligent misrepresentation (Count VI), and promissory estoppel (Count VII).

**IT IS SO ORDERED**.

Date: 1/24/17

Timothy S. Black
United States District Judge