**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ANNIE BORDEN and KACHENA RICHARDSON, | ) ) | Case No. 1:16-cv-00519-TSB |
| | ) | Judge Timothy S. Black |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' AMENDED** |
| | ) | **RESPONSE TO PLAINTIFFS'** |
| ANTONELLI COLLEGE, *et al.*, | ) | **NOTICE OF SUPPLEMENTAL** |
| | ) | **AUTHORITY** |
| Defendants. | ) | |
| | ) | |

Plaintiffs bring *Habegger v. Owens Community College*, 2017-Ohio-8180 (Oct. 12, 2017), to the Court's attention presumably because the case discusses a nursing program. But a comparison of the facts in *Habegger* and the facts here reveal that *Habegger* has no application to this case.

As Plaintiffs point out, the school in *Habegger* "lost one of its [national] accreditations," for failing to comply with certain substantive educational standards issued by the National League for Nursing Accreditation Commission. (*See* Doc No. 62). Here, Antonelli College never lost its national accreditation. And while Antonelli College had its conditional approval temporarily revoked by the Ohio State Board of Nursing, that happened only because the Board claimed Antonelli had failed to timely submit a request for a hearing on its approval status. (*See* Doc. No. 50, at pp. 3-6). Moreover, Antonelli sued the Board for wrongly revoking its conditional approval – and won – resulting in Antonelli's conditional approval being immediately reinstated. (*See id.*) Thus, whereas the school in *Habegger* lost its national accreditation for not meeting substantive educational standards, Antonelli College never lost

national accreditation, and only temporarily – and wrongfully – lost approval from the Board for a procedural reason.

And unlike in *Habegger*, where the students had potential "significant damages" arising from diminished earnings, here, neither Annie Borden nor Kachena Richardson suffered any economic damages. Indeed, both Plaintiffs graduated from Antonelli, sat for and passed the Ohio state licensure examination, and obtained employment as licensed nurses. (*See id.* at p. 1; Doc. No. 49, at p. 1).

Dated: October 20, 2017

Respectfully submitted,

*/s/ Ryan S. Lett*

Adam P. Hall (Ohio Bar No. 0042128)
Ryan S. Lett (Ohio Bar No. 0088381)
**FROST BROWN TODD, LLC**
301 East Fourth Street
Great American Tower Suite 3300
Cincinnati, Ohio 45202
(513) 651-6118
ahall@fbtlaw.com
rlett@fbtlaw.com

*Trial Attorneys for Defendants and*
*Counter-Plaintiff*

Ollie A. ("Tres") Cleveland, III (*pro hac vice*)
Kathryn Bushby (*pro hac vice*)
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
tcleveland@maynardcooper.com
kbushby@maynardcooper.com

*Co-Counsel for Defendants and*
*Counter-Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record,

including:

Phyllis E. Brown
Adam S. Brown
**CUMMINS & BROWN LLC**
312 Walnut Street, Suite 100
Cincinnati, OH 45202
Phone: (513) 241-6400
pbrown@blfohio.com
abrown@blfohio.com

*Counsel for Plaintiff/Counter-Defendant*

*/s/ Ryan S. Lett*
Ryan S. Lett (Ohio Bar No. 0088381)

0133801.0636682   4831-2339-4385v1

3